UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ART JANITORIAL SERVICES, L.L.C. | CIVIL ACTION |
| VERSUS | NO. 16-01292 |
| PROGRESSIVE WASTE SOLUTIONS OF LOUISIANA, INC. | SECTION "N" (5) |

## ORDER AND REASONS

Presently before the Court is a motion to remand (Rec. Doc. 11) filed by Plaintiff ART Janitorial Services, L.L.C. ("Plaintiff" or "ART"). Having carefully considered the parties' briefs and the applicable law, **IT IS ORDERED** that Plaintiff's motion is **DENIED** for the reasons stated herein.

## BACKGROUND

Plaintiff filed the instant breach of contract action against Defendant Progressive Waste Solutions of Louisiana, Inc. ("Defendant"), on December 30, 2015, in the Civil District Court for the Parish of Orleans, State of Louisiana ("CDC"). On February 16, 2016, Defendant removed the action from CDC to the docket of this Court, alleging federal diversity of citizenship jurisdiction, pursuant to 28 U.S.C. §1332 and §1441.[1] As stated in Defendant's notice of removal, Plaintiff and Defendant are domiciled in different states and the matter in controversy exceeds $75,000, exclusive

---

[1] *See* Rec. Doc. 1, pp. 1-2.

of interests and costs. Thereafter, Plaintiff filed the instant motion to remand, contending that Defendant, by virtue of a forum selection clause incorporated by reference into a contract between Plaintiff and Defendant's predecessor-in-interest, SDT Waste & Debris Services, L.L.C. ("SDT"), waived its right of federal court removal "[i]n all cases whatsoever related to the Contract."[2] In response, Defendant contests the applicability of the forum selection clause on which Plaintiff relies, urging that the contract between them lacks a clear and unequivocal waiver of the right of removal of the claims made in this litigation. Defendant additionally contends that Plaintiff waived any right it had to compel a CDC forum for certain of its claims by combining them with other contractual claims not subject to a forum selection clause.

## **LAW AND ANALYSIS**

Federal courts are courts of limited jurisdiction, and removal statutes are to be strictly construed. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941). When a party removes an action from state court, the removing party bears the burden of establishing federal jurisdiction over the controversy at issue. *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 397 (5th Cir. 1998). However, forum selection clauses are permissible and will prevent a party from removing the case if the clause is a "clear and unequivocal" waiver of that party's right to remove. *City of New Orleans v. Mun. Admin. Servs., Inc.*, 376 F.3d 501, 504 (5th Cir. 2004) (citing *McDermott Int'l, Inc. v. Lloyds Underwriters*, 944 F.2d 1199 (5th Cir.1991)).

---

[2] *See* Rec. Doc. 11-1, p. 1. Urging Defendant's awareness of the (alleged) exclusive and mandatory nature of the forum selection clause, Plaintiff's motion also seeks costs, expenses, and attorneys' fees from Defendant, pursuant to 28 U.S.C. § 1447(c), for Defendant's removal of the instant action. *Id.* at p. 13.

A party may waive its right to remove by "explicitly stating that it is doing so, by allowing the other party the right to choose venue, or by establishing an exclusive venue within the contract." *Id.* Consent to proceed in a particular forum is not necessarily a waiver of a party's right to remove, as a clear expression that the jurisdiction sought is the *exclusive* venue is required. *Id.* (emphasis added). When presented with two reasonable and conflicting interpretations of a contract term or provision, courts adopt the interpretation less favorable to the drafter. *Alliance Health Grp., LLC v. Bridging Health Options, LLC*, 553 F.3d 397, 399 (5th Cir. 2008).[3]

The right to enforce a forum selection clause that waives a defendant's right of federal court removal may itself be implicitly waived. *See, e.g., Brister v. Romanowski,* Civil Action No. 14-2921, 2015 WL 2090236, *2-3 (E. D. La. May 4, 2015) (Engelhardt, J.); *Jefferson Parish Consol. Garbage Dist. No. 1 v. Waste Mgmt. of Louisiana, L.L.C.,* Civil Action No. 09-6270, 2010 WL 1731204, *2-3 (E.D. La. Apr. 28, 2010) (Lemelle, J.) This occurs when a plaintiff chooses to combine claims that are subject to a forum waiver selection clause in the same proceeding with those derived from a separate contract that lack a forum selection clause. *Jefferson Parish Consol. Garbage Dist. No. 1,* 2010 WL 1731204 at * 2-3. Under those circumstances in a diversity case,

---

[3] The Court does not know who drafted the Service Agreement. Further, § XIII of the Service Agreement (Rec. Doc. 1-1, p. 93 of 160) specifically provides:

> The parties each acknowledge that they have read and understand the terms of this Agreement, have both been informed of the contents thereof and willingly agree to the terms of this Agreement. The parties further agree that each was free to negotiate the terms and conditions of this Agreement and that this Agreement shall not be construed or interpreted against either party as the drafter of this Agreement.

3

the entire action becomes removable because partial remand is not permitted when federal removal jurisdiction is based on diversity of citizenship. *Id.*

Applying these principles in the instant matter requires consideration of multiple contractual documents. First, on December 18, 2006, Defendant's predecessor-in-interest, SDT Waste & Debris Services, L.L.C. ("SDT"), entered into a contract **(the "SDT Contract")**[4] with the City of New Orleans ("the City") to provide curbside collection of solid waste and street/sidewalk cleaning strictly according to Bid Proposal No. 3025-00156.[5]

In the SDT Contract, the "Contractor," SDT:

> binds itself to perform this contract well and faithfully, strictly in accordance with said Bid Proposal and its bid thereunder, to observe and comply with all the conditions and stipulations contained in the Bid Proposal in every particular, and at all times to abide by and be held amendable and subject to the terms, penalties and conditions of said Bid Proposal and this contract.[6]

The Bid Proposal stipulates that "the Contractor will commence the specified sanitation services and related operations as specified in Exhibits A-1 and A-2" to the Bid Proposal.[7] Pertinent here, Exhibit A-2 to the Bid Proposal **("the Exhibit")** states:[8]

---

[4] *See* Rec. Doc. 1-1, p. 14 of 160 - p. 20 of 160.

[5] *See* Rec. Doc. 1-1, p. 21 of 160 - p. 20 of 160.

[6] *See* Rec. Doc. 1-1, p. 15 of 160.

[7] *See* Rec. Doc. 1-1, p. 26 of 160.

[8] *See* Rec. Doc. 1-1, p. 58 of 160 - p. 60 of 60.

4. Miscellaneous

   A. General Responsibilities

   (1) Contractor Responsibilities:

   * * *

   (e) The Contractor shall furnish, provide, and maintain exclusive responsibility for all equipment, labor, fuel and any other materials necessary to complete the required work in its entirety. The Contractor shall be responsible for the maintenance and repair of its own equipment, and the availability, presence, and supervision of its employees.

   (f) The Contractor is ultimately responsible for both his individual actions, and for those of any agent, representative, and any subcontractor entity performing services under the scope of the Agreement. Failure to perform by any of these agents, subcontractors, or by any other representatives of the Contractor, shall be deemed a failure to perform by the Contractor , and any an all related liabilities shall rest with the Contractor.

   * * *

   D. Contractor Responsibility: The Contractor shall be solely responsible for the actions of all persons who provide labor, services, equipment, or on behalf of the Contractor in connection with the Contractor's obligations under the Contract, whether or not the person and/or subcontractor has been approved by the City.

   * * *

   K. Applicable Law: The Agreement is to be applied according to the laws of the State of Louisiana.

   L. Jurisdiction: In all cases whatsoever related to the Contract, the Agreement and the parties thereto are subject to the exclusive jurisdiction of the State Civil Courts of the Parish of Orleans.[9]

   * * *

5. Definitions

---

[9] *See* Rec. Doc. 1-1, p. 60 of 160, §4.L. It is this forum selection clause that Plaintiff contends establishes CDC as the exclusive jurisdiction for its claims against Defendant.

   A. <u>Agreement</u> - The written contract between Owner and Contractor covering the Work to be performed; other Contract Documents are attached to the Agreement and made a part thereof as provided therein.

* * *

   C. <u>City</u> - The City of New Orleans.

* * *

   E. <u>Contract</u> - The formal agreement between the City and the Contractor for the performance of the specified services.

   F. <u>Contract Documents</u> - The Bid Documents, Bidder's Bid, General Specifications, Contract, Performance Bond, Payment Bond, Bid Bond and any addenda or changes to the foregoing ocuments agreed to by the City and the Bidder or Contractor.

   G. <u>Contractor</u> - The person, individual firm, partnership, joint venture, corporation or association awarded and performing Sanitation Services under the Conditions of the Bid and these Contract Documents.

Thereafter, on February 23, 2008, SDT, as prime contractor, entered into the Service Agreement **("the Service Agreement")** with Plaintiff, as subcontractor, wherein Plaintiff agreed to provide the mechanical sidewalk cleaning, manual street/sidewalk sweeping, and pressure washing services required by the SDT Contract. The Service Agreement states, in pertinent part:[10]

**SERVICE AGREEMENT**

THIS MECHANICAL SIDEWALK CLEANING, MANUAL STREET/SIDEWALK SWEEPING, AND PRESSURE WASHING SERVICE AGREEMENT **("Agreement")** is entered into on February \_\_\_\_, 2008, but effective as of February \_\_\_\_, 2008 ("Effective Date" by and between: SDT Waste & Debris, L.L.C. [] (**"Contractor"**); and ART Janitorial Services, L.L.C. [](**"Subcontractor"**).

* * *

---

  [10] *See* Rec. Doc. 101, pp. 85-86 of 160 and pp. 93-94 of 160 (emphasis added).

6

## RECITALS

1. Contractor has entered into a contract with the City of New Orleans **("the City")** to provide certain services strictly according to bid proposal number 3025-00156 **(the "Proposal")** and contract number K06-619 **(the "Contract")** which terms and conditions are hereby incorporated herein as if copied *in extenso*.

2. Contractor and Subcontractor agree to enter an agreement whereby Subcontractor will perform certain sanitation services as specified in Exhibit "A-2" **(the "Exhibit")** titled "Street/Sidewalk Cleaning Specifications" of the Proposal.

\* \* \*

## I. TERM

The term of this Agreement shall commence on the Effective Date and shall continue for the remainder of the term of Contractor's Contract with the City. This Agreement may only be terminated as provided for in Section VII hereunder.

## II. SCOPE OF SERVICES

A. The scope of services to be provided by Subcontractor per this Agreement shall be that same scope of services described in the Exhibit . . . .

\* \* \*

## XIII. ACKNOWLEDGMENT

The parties each acknowledge that they have read and understand the terms of this Agreement, have both been informed of the contents thereof and willingly agree to the terms of this Agreement. The parties further agree that each was free to negotiate the terms and conditions of this Agreement and that this Agreement shall not be construed or interpreted against either party as the drafter of this Agreement.

\* \* \*

### XV. GOVERNING LAW

This Agreement shall be construed, interpreted, and enforced in accordance with the law of the State of Louisiana.

### XVI. CONFLICT/CONTROLLING PROVISIONS

If there is any conflict between the provisions, terms and conditions of this **Agreement** and those of the **Contract**, **the Proposal**, and **the Exhibit**, then the provisions, terms and conditions of the **Contract**, **the Proposal**, and **the Exhibit** shall control. Whether or not there is a conflict, this **Agreement** is subject to all of the provisions, terms and conditions of the **Contract, the Proposal,** and **the Exhibit**.[11]

\* \* \*

On April 25, 2008, SDT and Plaintiff entered into a "Louisiana Agreement to Lease Equipment" **(the "Lease Agreement")** and a "Reimbursement Agreement" **(the "Reimbursement Agreement")**. The Lease Agreement obligated SDT to provide Plaintiff with certain equipment for use in fulfilling SDT's contracted services.[12] The Reimbursement Agreement "in connection with said rentals and services proved by SDT to ART" allowed for "associated rentals, reimbursements, and compensation, due from ART to SDT [to] be offset from the monthly compensation due to ART under the Service Agreement."[13]

In June 2011, Defendant acquired SDT. Thereafter, Plaintiff and Defendant signed a Second Amendment to the Equipment Lease and an Amendment to the 2008 Service Agreement **(the "2011 Amendment")**, which Plaintiff alleges (wrongfully) decreased its monthly compensation

---

[11] *See* Rec. Doc. 1-1, p. 93 of 160 - p. 94 of 160 (emphasis added).

[12] *See* Rec. Doc. 16-3, p. 2 of 15.

[13] *See* Rec. Doc. 16-3, p. 7 of 15.

8

by $13,066.85.[14] Subsequently, in 2014, following the expiration of the initial contract terms, Defendant entered into a Second Amendment to the SDT Contract with the City, and a Second Amendment to the 2008 Service Agreement **(the "2014 Amendment")** with Plaintiff, extending both the original SDT Contract and the 2008 Service Agreement for the year 2014. Both amended agreements terminated in 2014 without renewal.

In its state court petition, Plaintiff alleges that Defendant (1) breached the 2008 Service Agreement by using strong-arm tactics to force Plaintiff into signing the 2011 Amendment; (2) that, in the alternative, if the 2011 Amendment be found not void due to duress, Defendant breached the 2011 Amendment in bad faith in violation of Louisiana Civil Code article 1770; (3) that Defendant was unjustly enriched because it required Plaintiff to perform litter can patrol services without paying Plaintiff for those services; (4) that Defendant breached the 2014 Amendment to the Service Agreement by failing to pay Plaintiff the full amount due under that contract; and (5) that Defendant breached the Equipment Lease and Reimbursement Agreement by failing to provide Plaintiff with the agreed upon equipment.[15]

As stated above, in seeking remand, Plaintiff contends that the forum selection clause included in Section 4. K of the Exhibit[16] has been incorporated into the SDT Contract with the City, and into the Service Agreement, and thus establishes CDC as the exclusive forum for resolution of the claims it has asserted in this action against Defendant. Defendant disagrees, urging that none of the contracts between it and Plaintiff – the Service Contract, the Equipment Lease, the

---

[14]  *See* Rec. Doc. 1-1, p. 4 of 160, ¶10.

[15]  *See* Rec. Doc. 1-1, p. 4 of 160, ¶¶ 10-11, 13, 18-33.

[16]  *See, supra,* p. 5; *see also* Rec. Doc. 1-1, p. 60 of 160, §4.L.

9

Reimbursement Agreement, and the amendments thereto – includes a provision constituting a *clear and unequivocal waiver* of its right to remove the claims made in this litigation to federal court. Defendant additionally contends that Plaintiff waived any right it had to compel a CDC forum for its Service Agreement claims by combining them with its Equipment Lease and Reimbursement Agreement claims, which Defendant contends are not subject to a forum selection clause.

The Court has carefully reviewed the parties' submissions and the authorities on which they rely. Both parties present sound and compelling arguments in support of their competing positions. In the end, however, the Court agrees with Defendant that, in this instance, remand is unavailable to Plaintiff. In reaching this conclusion, the Court accepts Plaintiff's contention that the forum selection clause set forth in Section 4.L of the Exhibit was incorporated by reference into the Service Agreement. Even so, the forum selection clause's applicability to the instant dispute between Plaintiff and Defendant is far from "clear and unequivocal." As such, it fails to waive Defendant's right of removal.

Specifically, the forum selection clause states: "In all cases whatsoever related to the Contract, the Agreement and the parties thereto are subject to the exclusive jurisdiction of the State Civil Courts of the Parish of Orleans."[17] Taking into account the definitions assigned by the Exhibit

---

[17] *See, supra,* p. 5; *see also* Rec. Doc. 1-1, p. 60 of 160, §4.L.

and Service Agreement to the terms "Agreement"[18] and "Contract,"[19] and by the Exhibit, SDT Contract, and Service Agreement to the term "Contractor,"[20] it thus is only the "written contract between Owner and SDT covering the Work to be defined," and the parties to that agreement, that are subjected to the exclusive jurisdiction of CDC, in all "cases whatsoever related to the "formal agreement between the City and the SDT for the performance of the specified services."  The definition of the term "Owner" as it is used in the Exhibit, however, remains unclear.[21]  And, even if the Court assumes the term "Owner" might have been intended to refer to the City, the City is not a party to this action.  Nor, significantly, do Plaintiff's claims arise from an allegedly unfulfilled contractual duty owed by the City.  Rather, Plaintiff's claims are premised upon payment obligations

---

[18]     The Exhibit defines the term "Agreement" as "[t]he written contract between Owner and Contractor covering the Work to be performed; other Contract Documents are attached to the Agreement and made a part thereof as provided therein." *See* Rec. Doc. 1-1, p. 60 of 160, §5.A.  In the Service Agreement, however, the term "Agreement" refers to the Service Agreement itself. *See* Rec. Doc. 1-1, p. 85 of 160 ("This Mechanical Sidewalk Cleaning, Manual Street/Sidewalk Sweeping, and Pressure Washing Service Agreement ('Agreement') [] entered into on February ___, 2008, but effective as of February ___ 2008, by and between:  SDT Waste & Debris, L.L.C. [] ('Contractor'); and ART Janitorial Services, L.L.C. []('Subcontractor').").

[19]     The Exhibit defines the term "Contract" as "[t]he formal agreement between the City and the Contractor for the performance of specified services." *See* Exhibit, Rec. Doc. 1-1, p. 60 of 160, §5.E.  In the Service Agreement, the term "Contract" refers to "contract number K06-619", which is the number reflected on the SDT Contract. *See* Rec. Doc. 1-1, p. 14 of 160 and p. 85 of 160.

[20]     *See* Exhibit, Rec. Doc. 1-1, p. 60 of 160, §5. G.  ("<u>Contractor</u> - The person, individual firm, partnership, joint venture, corporation or association awarded and performing Sanitation Services under the Conditions of the Bid and these Contract Documents");  *see* SDT Contract, Rec. Doc. 1-1, p. 15 of 160 ("SDT Waste & Debris, L.L.C. [] ('Contractor')"); *see* Service Agreement, Rec. Doc. 101, p. 85 of 160  ("SDT Waste & Debris, L.L.C. [] ('Contractor')").

[21]     *See* Rec. Doc. 1-1, p. 60 of 160, §5.A. Unless it has been overlooked, the parties' submissions do not include a citation to a particular provision in the Exhibit defining the term "Owner" as it used therein.  Nor has the Court been successful in locate one in the particularly blurry version of that document that has been provided to the Court.  *See* Rec. Doc. 1-1, p. 21 of 160 - p. 84 of 160.

11

undertaken by SDT, and then Defendant, in the 2008 Service Agreement and the amendment(s) thereto.

Finally, had either SDT or Plaintiff desired to establish CDC as the court of exclusive jurisdiction (and venue) for any disputes between them relative to the Service Agreement, they could have easily included an unambiguous *mandatory* forum selection clause, expressly waiving federal court diversity jurisdiction, in that document. Indeed, Plaintiff and SDT expressly acknowledge in the Service Agreement that they were both free to negotiate the document's terms and conditions,[22] and no doubt had assistance of counsel (or the opportunity to consult counsel). And, as Defendant emphasizes, the parties chose to include provisions in the Service Agreement expressly addressing matters such as the scope of Plaintiff's duties as subcontractor, termination, indemnity, default, governing law, SDT's rights and remedies, and conflicting or controlling provisions in the various contract documents.[23] They could have done the same with respect to forum selection. They, however, did not.

---

[22] *See* Rec. Doc. 1-1, p. 93 of 160, § XVI.

[23] *See* Rec. Doc. 1-1, p. 85 of 160 - p. 94 of 160.

## **CONCLUSION**

It is undisputed that diversity removal jurisdiction exists in this matter unless it has been validly waived. For the foregoing stated reasons, the Court finds Defendant's otherwise applicable right of removal has not been waived by means of a clear and unequivocal forum selection clause mandating exclusive use of a state court forum in the instant action.[24] Accordingly, **IT IS ORDERED** that Plaintiff's Motion to Remand (Rec. Doc. 11) is hereby **DENIED**.

New Orleans, Louisiana, this 8th day of December 2016.

                                    **KURT D. ENGELHARDT**
                                    **United States District Judge**

---

[24] As stated above, Defendant additionally contends that Plaintiff waived any right it had to compel a CDC forum for its Service Agreement claims by combining them with its claims under contracts lacking a forum selection clause, *i.e.*, the Equipment Lease and Reimbursement Agreement. Given the Court's ruling herein in Defendant's favor relative to the forum selection clause, it is unnecessary for the Court to rule on this alternative argument. The Court does note, however, that the three agreements are not completely unrelated. Furthermore, given the offset authorized in the Reimbursement Agreement, the Court understands Plaintiff to claim that Defendant's alleged breach of the Equipment Lease resulted in a breach of its payment obligations under the Service Agreement. *See* Rec. Doc. 1-1, ¶¶ 30 and 32.